IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Eric Williams,<br><br>                  Plaintiff,<br><br>   vs.<br><br>Röchling Automotive USA, LLP,<br><br>                  Defendant. | Civil Action No. 7:11-3497-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion to dismiss (doc. 22). In his amended complaint, the plaintiff alleges claims for violation of the Americans with Disabilities Act ("ADA") and interference with rights under the Employee Retirement Income Security Act of 1974 ("ERISA") against his former employer.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

On February 24, 2012, the defendant filed a motion to dismiss. The plaintiff filed his response on March 12, 2012, and the defendant filed a reply on March 22, 2012.

## FACTS PRESENTED

The plaintiff brought this action against his former employer, Röchling, based on his termination from Röchling's employment in 2009. The basis for both causes of action alleged in the amended complaint arise from the plaintiff's allegations that he was discriminated against and terminated because he had a child with a disability (amended comp. ¶¶ 7-8).

The defendant has moved to dismiss the plaintiff's ERISA cause of action, in which he alleges, in pertinent part:

> 7. Plaintiff began his employment with Roechling in approximately 2004. He was a successful employee at Roechling for several years and was promoted after favorable reviews. As late as April 2008 Plaintiff was lauded by management for his efforts working with Defendant. Shortly thereafter, however, Plaintiff had a second child with cystic fibrosis, and management made negative comments to Plaintiff regarding the costs of the healthcare.
>
> 8. After reference was made by management of Defendant to figuring out a way to "fix" the high costs of health care for the employees, Plaintiff was terminated purportedly because he "was not in the long term plan of the company." Plaintiff was performing in a manner reasonably satisfactory to his superiors as evidenced by the raises, promotions, and commendations and further by the fact that Plaintiff was kept for employment with Defendant for three months to train Plaintiff's replacement in his position as an accountant. Termination of Plaintiff for purportedly not being in the "long term plan of the company" is a pretext for discrimination.
>
> \*\*\*
>
> 18. Plaintiff was an employee of Roechling and a qualified participant in the Roechling health insurance plan, which is covered by ERISA. Due to the Cystic Fibrosis of his children, Plaintiff exercised his right to benefits under this ERISA plan, which is a protected activity.
>
> 19. In retaliation for this protected activity, Plaintiff was disciplined, suspended, and ultimately discharged by Defendant, which had a specific intent to discriminate, retaliate or interfere with ERISA rights. There is a causal connection between the exercise of the rights under ERISA and the adverse employment action taken against Plaintiff.
>
> 20. As a result Plaintiff has been damaged and hereby requests an appropriate remedy based on Defendant's retaliation against him, all attorneys' fees and costs associated with this action pursuant to ERISA, and any other relief this Court deems appropriate.

(Amended comp. ¶¶ 7-8, 18-20).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Furthermore, a complaint is insufficient if it provides bare assertions lacking additional factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 555). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

ERISA § 510, captioned "Interference with protected rights," makes it unlawful for an employer to "discharge, fine, suspend, expel, discipline, or discriminate against" a participant or beneficiary in an ERISA plan "for exercising any right to which he is entitled under the provisions of an employee benefit plan ... [or] ... [ERISA Title I]," or "for the purpose of interfering with the attainment of any right to which [he] may become entitled under the plan." 29 U.S.C. § 1140.

3

The defendant argues that the plaintiff does not have standing to bring the ERISA claim because he has suffered no "injury-in-fact," as he has not alleged that he was denied any claim for benefits under the employee welfare benefit plan and instead bases his claim on his inability to participate in the employee welfare benefit plan in the future. The defendant further argues that ERISA retaliation is not a recognized cause of action and that a loss of benefits is a damage recoverable under the first cause of action under the ADA and is not a stand-alone cause of action. These arguments are without merit.

In *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231 (4th Cir. 1991), the Fourth Circuit Court of Appeals recognized that "§ 510 extends to claims by vested employees for intentional interference with their ability to accrue additional benefits." *Id.* at 238. *See Csicsmann v. Sallada*, No. 05-2087, 2006 WL 3611729, at *4 (4th Cir. Dec. 12, 2006) (analyzing retaliation claim under ERISA and noting that the court in *Conkwright* found "that retaliation analysis under ERISA follows the Title VII framework"). The court went on to find that "to take advantage of § 510, one must prove a specific intent of the employer to interfere with an employee's pension rights." *Conkwright*, 933 F.2d at 239. As pointed out by the defendant, the court in *Conkwright* found that the plaintiff in that case did not prove the requisite intent, stating:

> Conkwright's § 510 claim ultimately fails because he does not demonstrate a genuine issue on the matter of pretext. In fact, there is no evidence supporting Conkwright's claim of pretext other than the fact that his termination saved Westinghouse money. While plaintiff's termination probably did save Westinghouse money, this is not enough to carry the day. As a number of courts have recognized, it is not sufficient for an employee to allege lost opportunity to accrue additional benefits as evidence of the employer's specific intent to violate ERISA; rather, a plaintiff must adduce facts, which if taken as true, could enable a jury to identify unlawful intent from the other various reasons why an employer might have terminated plaintiff, and to conclude that the employer harbored the requisite unlawful intent. . . .

4

> Conkwright tries to save his claim by citing statements that Westinghouse sought to meet its "financial need" by terminating him, and that financial need necessarily includes pension costs. Conkwright's suggestion that Westinghouse acted illegally because it acted to save money proves too much. Under that reasoning, any actions by an employer that result in savings would be suspect. It is obvious that benefit costs make up a large amount of the costs of an employee to a company, and that pension rights are a substantial component of benefit costs, but these undeniable propositions are not sufficient standing alone to prove the requisite intent by the path of pretext.

*Id.*

Similarly, the defendant argues that the plaintiff's cause of action fails to state a claim because it is based on his allegation that he was terminated due to the defendant's expressed need to reduce health care costs. The defendant cites several cases in which courts have dismissed claims under ERISA because the plaintiff did not produce evidence that interference with the plaintiff's ERISA rights was a motivating factor behind the decision to terminate the plaintiff's employment (*see* def. reply 2-4). However, the cases cited by the defendant regard a failure of proof rather than a motion to dismiss under Rule 12(b)(6) at the pleading stage.

Here, the plaintiff has alleged that he was terminated in retaliation for exercising his rights under the employee health insurance plan, and he has alleged sufficient facts to state a claim that is plausible on its face. Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 22) should be denied.

IT IS SO RECOMMENDED.

August 6, 2012　　　　　　　　　　　　　　　　s/ Kevin F. McDonald
Greenville, South Carolina　　　　　　　　　　　United States Magistrate Judge

5