IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Eric Williams, | ) | Civil Action No.: 7:11-3497-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Rochling Automotive USA, LLP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Eric Williams ("Plaintiff") filed this action against Rochling Automotive USA, LLP, ("Defendant") alleging claims against his former employer for violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, 12112(b) and interference with rights under the Employee Retirement Income Security Act of 1974 ("ERISA").

On September 14, 2012, Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 52.) Plaintiff filed a response in opposition on November 19, 2012 (ECF No. 66), and Defendant filed a reply on November 29, 2012. (ECF No. 68.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination case was referred to United States Magistrate Judge Kevin F. McDonald for consideration of pretrial matters. The Magistrate Judge has prepared a thorough Report and Recommendation which recommends that Defendant's Motion for Summary Judgment be granted. (ECF No. 69.) Plaintiff filed timely objections to the Report and Recommendation. (ECF No. 70.) For the reasons set forth herein, this court adopts the Report and Recommendation and Defendant's Motion for Summary Judgment is GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. Plaintiff filed an amended complaint on February 20, 2012, making claims against his former employer for violation of the ADA and interference with rights under Section 510 of ERISA based on Plaintiff's allegations that he was terminated from his employment because of the healthcare costs associated with two of his children who have cystic fibrosis. (ECF No. 15.) On September 14, 2012, Defendant moved for summary judgment arguing that Plaintiff's claims for discriminatory discharge and ERISA retaliation should be dismissed because he cannot establish a prima facie case. (ECF No. 52-1.) After consideration of the response filed in opposition to the Motion for Summary Judgment and Defendant's reply, the Magistrate Judge issued a Report and Recommendation recommending that Defendant's Motion for Summary Judgment be granted. (ECF No. 69.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the Report. 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Magistrate Judge first addressed Plaintiff's ADA claim of association discrimination. Title I of the ADA prohibits an employer from "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). Applying the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), the Magistrate Judge set forth and considered the elements of a prima facie case of discriminatory discharge under the ADA. (ECF No. 69 at 10-11.) The Magistrate Judge concluded that Plaintiff cannot establish the third element of a prima facie case, requiring him to show that at the time of discharge he was performing his job at a level that met his employer's legitimate expectations. (ECF No. 69 at 12.) The Magistrate Judge also found that Plaintiff cannot establish the fourth element of a prima facie case, that his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. (ECF No. 69 at 13.) The Magistrate Judge recommended summary judgment be granted in favor of Defendant on the ADA claim finding that there is abundant and uncontroverted evidence in the record that no discrimination occurred. (ECF No. 69 at 17.) The Magistrate Judge also considered Plaintiff's ERISA claim in light of the appropriate standards and concluded that Plaintiff failed to produce sufficient evidence to support a reasonable inference of pretext, rendering summary judgment appropriate on Plaintiff's ERISA claim as well. (ECF

No. 69 at 18.)

Plaintiff filed objections to the Report and Recommendation on August 12, 2013. (ECF No. 70.) Plaintiff claims that there is at least a genuine issue of material fact regarding whether Plaintiff was meeting his employer's legitimate expectations at the time of his termination. (ECF No. 70 at 6.) Plaintiff contends that there is sufficient circumstantial evidence of a reasonable inference of unlawful discrimination based on purported changes in his performance reviews after Defendant learned about the costs of Plaintiff's children's healthcare, and the reasons given for his termination. (ECF No. 70 at 6-10.) Plaintiff also contends that the Magistrate Judge incorrectly relied on the case *Ennis v. National Association of Business and Education Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995) in recommending summary judgment be granted in favor of Defendant. (ECF No. 70 at 10.) Plaintiff contends this case is more like *Dewitt v. Proctor Hospital*, a Seventh Circuit case in which the defendant's motion for summary judgment was denied, based in part on the timing of Plaintiff's termination.[1] Plaintiff also contends that summary judgment should be denied on Plaintiff's ERISA retaliation claim based on his submission of

---

[1] Plaintiff does not provide a citation to the *Dewitt* case, but from the context, the court assumes that Plaintiff is referring to the Seventh Circuit's decision on February 27, 2008 wherein that court reversed the grant of summary judgment on the ADA association discrimination claim and remanded the matter to the district court for further proceedings. *Dewitt v. Proctor Hosp.*, 517 F.3d 944, 950 (7th Cir. 2008). When the district court granted the plaintiff's post-remand motion for summary judgment on Plaintiff's ERISA claim and ADA association discrimination claim, the plaintiff appealed again. *Dewitt v. Proctor Hosp.*, 381 Fed. Appx. 585 (7th Cir. 2010). The Seventh Circuit ultimately affirmed the judgment of the district court which found that the defendant had a legitimate non-discriminatory reason for terminating the plaintiff's employment. *Id.* at 587. Consequently, *Dewitt* does not aid Plaintiff's case because the Seventh Circuit ultimately found that the plaintiff there could not show that the defendant employer's stated reason for its action was a pretext.

evidence that his direct supervisor prepared documentation regarding cost savings from reductions in healthcare benefits on the same day as his termination. (ECF No. 70 at 13.) Plaintiff contends that this evidence is sufficient to establish that Defendant intentionally interfered with Plaintiff's benefits.

The Magistrate Judge correctly set forth the applicable standards of law for establishing a prima facie case of discriminatory discharge under the ADA. To reiterate, the plaintiff must prove: (1) the plaintiff was in the protected class; (2) he was discharged; (3) at the time of discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Ennis v. National Ass'n of Business and Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995). Plaintiff's objections concern the third and fourth prima facie factors and he also refers to the evidence of pretext presented in his case.

As it relates to the issue of whether Plaintiff was performing his job at a level that met his employer's legitimate expectations, Plaintiff claims that the Magistrate Judge erred in disregarding a favorable letter of recommendation from Rochling manager Sherry Lance (Plaintiff claims Ms. Lance was seeking to recruit him) and instead relied entirely on an affidavit of Ms. Lance, submitted as an exhibit to Defendant's reply brief in support of its motion for summary judgment, wherein Ms. Lance attested that she did not write the letter nor did she recall signing the letter. (ECF No. 70 at 5.) Plaintiff maintains that the Lance letter and the dispute surrounding the validity of the letter creates a genuine issue of material fact. The court disagrees.

The Magistrate Judge expressly took note of the Lance letter, dated September 28,

2009; this court has reviewed the letter in light of Plaintiff's objections. Importantly, even assuming the validity of the Lance letter, the letter does not create a genuine issue of material fact any more than the two letters from March and April 2008 from Plaintiff's supervisors thanking him for his hard work, support, and positive attitude.[2] As noted by the Magistrate Judge, the record contains overwhelming evidence of Plaintiff's performance issues. Plaintiff failed to address these shortcomings in the case as it stood before the Magistrate Judge nor did Plaintiff address this finding of the Magistrate Judge in his objections. The court finds no error in the Magistrate Judge's analysis or finding.

Next, Plaintiff claims that the Magistrate Judge incorrectly concluded there were no genuine issues of material fact concerning Plaintiff's claim that the discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. (ECF No. 70 at 6.) In arguing that he should have an opportunity to present evidence to the jury regarding Defendant's alleged inconsistent defenses as sufficient evidence of pretext, Plaintiff puts forth much of the same evidence and arguments he presented in his opposition to Defendant's Motion for Summary Judgment and before the Magistrate Judge. (ECF No. 70 at 9.) Plaintiff's objection does not take issue with any specific finding in the Report and Recommendation. Of course, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982); *see also Weber v. Aiken–Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb.15, 2012) (noting that objections that

---

[2]The Magistrate Judge found that the March and April 2008 letters were insufficient to create an issue of material fact. (ECF No. 69 at 13.)

merely rehash arguments raised before, and addressed by, the Magistrate Judge are insufficient to direct the court to a specific error in the Magistrate Judge's Report and Recommendation); *Monahan v. Burtt*, No. CIVA 205–2201–RBH, 2006 WL 2796390, at *9 (D.S.C. Sept.27, 2006) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review." (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir.1988))). In the absence of a specific objection to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198 (4th Cir.1983).

Plaintiff here fails to state any basis for his objection or make additional arguments beyond what is found in Plaintiff's pleadings. Even under a de novo review, the issues concerning the circumstances of Plaintiff's discharge were correctly addressed by the Magistrate Judge in finding that Plaintiff's allegations are insufficient to establish the fourth element of a prima facie case. Plaintiff's "subjective beliefs . . .without more, [are] insufficient to create a genuine issue of material fact as to any conduct on [Defendant's] part." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 135 (4th Cir. 2002). The court further finds no merit in Plaintiff's objection to the Magistrate Judge's reliance on the *Ennis* case which is binding and applicable Fourth Circuit law as it relates to association discrimination claims. The *Ennis* case both sets forth the applicable considerations in this district and is also very factually similar as correctly noted by the Magistrate Judge.

Finally, Plaintiff contends that Defendant's Motion for Summary Judgment should be denied on Plaintiff's ERISA retaliation claim and argues that this case is substantially

distinct from a case cited in the Magistrate Judge's Report and Recommendation, *Goode v. American Veterans, Inc.*, 874 F.Supp. 2d 430 (D. Md. 2012). (ECF No. 70 at 13.) The Magistrate Judge did not rely upon the *Goode* case in making his decision; the Magistrate Judge noted that Plaintiff failed to produce sufficient evidence to support a reasonable inference of pretext. (ECF No. 69 at 18.) Here again, Plaintiff failed to point to any specific objection that would call the Magistrate Judge's analysis into question. The court agrees that Plaintiff failed to establish his ERISA claim and that Defendant intentionally interfered with his benefits.

## CONCLUSION

The Court has carefully reviewed the objections made by Plaintiff and has conducted the required de novo review. After considering the motion, the record, the Report and Recommendation of the Magistrate Judge, this court finds that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted and incorporated herein by reference. Therefore, it is ORDERED that Defendant's Motion for Summary Judgment (ECF No. 52) is GRANTED and this action hereby DISMISSED.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
September 16, 2013